# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. No. DLB-20-432 |
| JOSE RIVERA-INGLES, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On October 18, 2020, Jose Rivera-Ingles was driving on the Baltimore-Washington Parkway when he fatally struck Kevin Wright, who was attempting to pour gas into his car parked on the shoulder. On June 1, 2023, Rivera-Ingles pled guilty to four Class B misdemeanors: assault, driving under the influence of alcohol, reckless driving, and driving without a license. On November 8, 2023, this Court sentenced Jose Rivera-Ingles to 24 months of probation and ordered him to pay $6,260.00 in restitution. ECF 161 & 162. Now pending before the Court is the November 21 motion of Chere Pennington, the mother of Wright's children, proceeding in her capacity as the victim's representative under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. ECF 164. Pennington moves for the vacatur of the sentence this Court imposed on Rivera-Ingles; the unsealing of the Court's statement of reasons, the parties' sentencing memoranda, and the presentence report; and this Court's recusal from any further proceedings in this case. *Id.* After careful consideration, the Court denies the motion.[1]

**I.      Motion to Vacate the Sentence**

This Court may reconsider its sentence only if it has the authority to do so. Pennington suggests that Fed. R. Crim. P. 35(a) and the CVRA provide that authority. ECF 164, at 1. Neither

---

[1] Neither the United States nor Mr. Rivera-Ingles has responded to the motion, and the time for doing so, fourteen days, elapsed yesterday. Loc. R. 207.1.

does.  First, Rule 35(a) "authorizes *only* the correction, '[w]ithin 14 days after sentencing,' of 'arithmetical, technical, or other clear error.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting Fed. R. Crim. P. 35(a)) (emphasis in original).  Rule 35(a)'s timetable is jurisdictional:  Once 14 days have elapsed from sentencing, a district court has no Rule 35(a) power to correct the sentence.  *United States v. Shank*, 395 F.3d 466, 469 (4th Cir. 2005).  This Court sentenced Rivera-Ingles on November 8—more than 14 days ago.  ECF 161.  Therefore, this Court's Rule 35(a) authority to correct the sentence has lapsed.  Although Pennington filed the motion one day before the 14-day period expired, "a timely motion" for correction "does not extend this period."  *See Shank*, 395 F.3d at 469.

Second, the Court considers the CVRA.  "The CVRA was designed to protect victims and guarantee them some involvement in the criminal justice process."  *United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007).  The statute "guarantees victims notice of any proceedings, the right to attend those proceedings, the right to confer with the prosecutor, and the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or parole," among other rights.  *Id.*  "Congress intended the CVRA to allow the victim[s] of crime, or their counsel, . . . to provide any information, as well as their opinion, directly to the court."  *Brandt v. Gooding*, 636 F.3d 124, 137 (4th Cir. 2011) (quotation omitted) (alteration in original).

The CVRA "sets forth specific rules for when crime victims may move to reopen sentences."  *United States v. Monzel*, 641 F.3d 528, 542 (D.C. Cir. 2011).

> A victim may make a motion to re-open a plea or sentence only if (A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied; (B) the victim petitions the court of appeals for a writ of mandamus within 14 days; and (C) in the case of a plea, the accused has not pled to the highest offense charged.

18 U.S.C. § 3771(d)(5); *see also In re Wild*, 994 F.3d 1244, 1265 (11th Cir. 2021) (en banc); *Fed. Ins. Co. v. United States*, 882 F.3d 348, 364 (2d Cir. 2018); *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1017 (9th Cir. 2006); *United States v. Henson*, No. 16-10018-01-JWB, 2023 WL 5034472, at *1 (D. Kan. Aug. 8, 2023) ("[A] failure to afford a right under the Crime Victims Rights Act does not provide a basis for reconsideration unless the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied.").

The statutory requirements have not been satisfied here. Pennington asserted her right to be heard during the sentencing proceeding. ECF 161. This Court granted that right. *Id.* Pennington did not assert any of the other CVRA rights she mentions in her motion during the sentencing proceeding, and this Court did not deny them. *Id.* And she did not petition the U.S. Court of Appeals for the Fourth Circuit for a writ of mandamus within 14 days of the sentencing she challenges. As a result, the CVRA does not authorize this Court to reopen the sentence. *See, e.g.*, *United States v. Keifer*, No. 2:08–CR–162, 2009 WL 414472, at *3 (E.D. Ohio Feb. 18, 2009) ("As the plea has already occurred and the victim did not assert any rights until after the proceeding, the plea may not be re-opened.").

Neither Rule 35(a) nor the CVRA authorizes the Court to grant Pennington's motion to vacate the sentence. Therefore, the Court denies the motion.

**II.    Motion to Unseal**

Pennington also moves for the unsealing of the presentence report ("PSR"), the parties' sentencing memoranda, and the Court's statement of reasons. ECF 164, at 18. Once again, she appears to proceed under Rule 35(a), the CVRA, or both. She asserts that it was "clear error" remediable under Rule 35(a) for this Court to have permitted the filing of these documents under seal, because sealing those documents violated her statutory rights under the CVRA and her

constitutional rights under the First Amendment. *Id.* at 13–17. But for the reasons explained above, this Court's authority under Rule 35(a) to correct a sentence for clear error has expired. As a result, this Court cannot reconsider the sentence on this ground. And Rule 35(a) provides for only one remedy: the correction of the sentence. Fed. R. Crim. P. 35(a). It does not authorize the unsealing of a document.

Construing Pennington's request to unseal these documents as a motion under the CVRA yields the same result. The CVRA does not authorize this Court to grant a crime victim's post-sentencing request to unseal these documents. *See In re Bond*, 547 F. App'x 348, 349 (4th Cir. Dec. 6, 2013) ("The rights he seeks—unsealing of documents and protection . . . are not rights enumerated in 18 U.S.C. 3771(a)."); *Moussaoui*, 483 F.3d at 235 ("[N]othing in the CVRA's language or legislative history confers a right for crime victims to obtain disclosure of a pre-sentencing report."); *In re Siler*, 571 F.3d 604, 609–10 (6th Cir. 2009) (holding post-sentencing requests for sealed documents like PSRs are "clearly outside the scope of the CVRA"). Even if it did, Pennington did not request to exercise any such right before or during the sentencing proceedings as the CVRA requires. So Pennington's motion to unseal these documents pursuant to Rule 35(a) or the CVRA is denied.

This denial of Pennington's motion is without prejudice to any motion to intervene and unseal pursuant to her "'qualified right of access' to judicial documents filed in criminal proceedings." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)); *see also United States v. Moussaoui*, 65 F. App'x 881, 891 (4th Cir. 2003) (granting third-party's motion to intervene and unseal certain documents in a criminal proceeding). "The right [of access] 'derives from two independent sources: the common law and the First Amendment.'" *Doe*, 962 F.3d at 145 (quoting *Va. Dep't of State Police v. Wash.*

*Post*, 386 F.3d 567, 575 (4th Cir. 2004)). "[T]he strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *Id.* Should Pennington move to unseal the documents on that independent basis, the Court would order briefing from the parties and evaluate the motion accordingly.

### III.    Motion for Recusal

Finally, Pennington moves for this Court to recuse itself from any future proceedings in this case. ECF 164, at 17–18. Federal law directs a judge to recuse if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 445(a). "Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555). "Dissatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011).

According to Pennington, recusal is warranted here because "[t]he extent and passion of the Court's oral sentencing opinion . . . has compromised this Court's ongoing appearance of neutrality." ECF 164, at 17. After due deliberation, the Court finds that its sentencing opinion

does not warrant recusal.  At sentencing, this Court announced the "opinions formed by the judge on the basis of [the] facts" properly before it, *see Lentz*, 524 F.3d at 530, in the fulfillment of its legal obligation to consider the sentencing factors under 18 U.S.C. § 3553(a).  The length of the opinion reflected the Court's commitment to rigorously evaluating the sentencing factors in this difficult case.  Pennington does not even assert, much less establish, that the Court's opinion "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*  In consequence, the Court denies the motion for recusal.

**IV.     Conclusion**

For the reasons stated, Pennington's motion to vacate the sentence and for additional relief, ECF 164, is denied.  A separate Order follows.

Date: December 6, 2023

Deborah L. Boardman
United States District Judge